JOSEPH H. SHINN, complainant,

*v.*

EDWIN R. SMILEY et al., defendants.

[Decided July 21st, 1922.]

**Specific Performance—Contract for Lease and Option of Purchase by one not Actual Owner—Relation of Agency Considered—Right of Attorney in Fact.**

On final hearing on bill for specific performance of contract for sale of land.

*Mr. Clifton C. Shinn,* for the complainant.

*Mr. Ulysses G. Styron,* for the defendants.

LEAMING, V. C.

There is no conflict of testimony in this case. The only doubt that can be suggested touching complainant's right to a decree is whether the rules of evidence and the provisions of our statute of frauds are operative to exclude from consideration certain facts by complainant claimed to exist, the existence of which facts is essential to the relief sought.

Complainant, as vendee, seeks specific performance of a contract of sale of real estate. The written contract of sale is signed "Edwin R. Smiley, by U. G. Styron, attorney in fact." The contract is a lease for a term with an option of purchase by the lessee (complainant herein) at the end of the term.

Edwin R. Smiley was not the owner of the property. Clarence E. Smiley, the son of Edwin R., was mortgagee in possession of the property at the time the contract with complainant was made and his mortgage was then in process of

foreclosure by his attorney, U. G. Styron. At that time
Clarence was afflicted with nervous prostration and unable
to pay any attention to business matters, and his father,
Edwin R., apparently was attending to business affairs of
Clarence, whether by express authority or otherwise does not
appear. In those circumstances Edwin, the father, through
Mr. Styron as his attorney in fact, assumed to execute the
lease and option of purchase to complainant. At the time
the contract was executed it seems to have been anticipated
that at the foreclosure sale it would be necessary to buy in
the property. The owners of the legal title of the property
had practically abandoned it.

During the term of the lease rent was paid by complainant
to Mr. Styron. Shortly before the end of the term complain-
ant sought to purchase the property pursuant to the terms
of his option, but since the foreclosure proceedings had not
been concluded at that time title could not then be made to
complainant, and $500 was paid by complainant to Mr.
Styron on account of the purchase price and a receipt was
then taken by complainant for the payment. That receipt
stipulated among other things that a deed was to be de-
livered to complainant "at the termination of the present
proceedings to foreclose the mortgage now held by E. R.
Smiley." This receipt was signed: "U. G. Styron, Att'y for
E. R. Smiley."

It will be noted that this receipt refers to the foreclosure
of a mortgage held by E. R. Smiley. As already stated the
mortgage was held by Clarence E. Smiley, the sick son, and
was being foreclosed by Mr. Styron as his attorney. It would
thus seem that Mr. Styron at the time probably understood
that he was accepting this money for and executing the receipt
for the mortgagee; and it is not improbable that in signing
the original contract Mr. Styron in like manner may have
undertaken to sign as attorney in fact of the mortgagee. In-
deed in a former notice given by E. R. Smiley, the father,
to complainant as tenant Mr. Smiley signed the notice: "Dr
E. R. Smiley, Agent." There would seem to be little doubt
that throughout the plan was that at the foreclosure sale

title would be taken by or on behalf of Clarence, the mort-gagee, and then conveyed to complainant for the price agreed upon.

At the foreclosure sale the property was bought in by Mr. Styron, the attorney, in the name of Clarence, the son, and the deed from the sheriff was thereafter made to Clarence. Clarence now refuses to convey to complainant pursuant to the agreement made by the father of Clarence. Complainant leased the property in good faith and at the end of his term elected to purchase the property pursuant to the option contained in the lease and made a payment on account of the purchase price and was given until the termination of the foreclosure proceedings to pay the balance of the purchase price. If the agreements which have been made can be found to be binding on Clarence there is no reason why Clarence should not now be compelled to convey to complainant.

The theory of the bill is that E. R. Smiley, the father, and Mr. Stryron, the attorney in the foreclosure suit, were the authorized agents of Clarence and that Clarence must now respond to the engagements made in his behalf.

The difficulties arise from the fact that throughout no agreement has been made in the name of Clarence, or suggesting the name of Clarence, as the person to be bound, nor has Clarence signed any agreement of any kind, nor has his name been even mentioned or suggested in any of the negotiations or transactions with complainant. Accordingly the relief here sought is against Clarence as an undisclosed principal. In this respect the situation is practically identical with that considered and determined in *Schenck* v. *Spring Lake Beach Improvement Co., 47 N. J. Eq. 44.* Without overruling and wholly disregarding the decision of this court in that case it is clearly impossible through the medium of parol evidence to make Clarence a party to the contract here sought to be enforced. See also *Bowers* v. *Glucksman, 68 N. J. Law 146; Clement* v. *Young-McShea Amusement Co., 70. N. J. Eq. 677, 681;* the two latter cases being decisions of our court of errors and appeals and giving express ap-

proval of *Schenck* v. *Spring Lake Beach Co.* As already. stated the original contract is in the name of Edwin R. Smiley, who thereby contracts as a principal and as the party to be bound in a sealed contract for the sale of land. The subsequent receipt for a part of the purchase price, which receipt extended the time for payment, is in the name of E. R. Smiley. As already suggested these documents may have been signed in that manner through a mistaken notion at the time on the part of Mr. Styron that the mortgage was held by E. R. Smiley; but that fact is not established and cannot be made the basis of decision herein. Prior to the expiration of the lease a written notice was given complainant to vacate the premises at the expiration of his lease; that notice was signed "Dr. E. R. Smiley, Agent." In that notice the name of Clarence is not mentioned as a principal or otherwise; nor can the use of the word "agent" as there used be operative to change or modify a contract executed prior to that time or establish as a fact that E. R. Smiley was not nor that Clarence was the principal in the prior contract.

But if it be assumed that the evidence already referred to in connection with the circumstances of the case might justify a finding of fact that the original contract and the contract extending the time of performance were made by E. R. Smiley as agent of Clarence, and thus justify a bill against Clarence as principal, an insurmountable obstacle to recovery is yet to be found in the absence of adequate evidence to establish as a fact that E. R. Smiley was an authorized agent of Clarence for the sale of the land, or for the execution of a contract for its sale. The testimony of Clarence is to the effect that he was at that time too sick to pay any attention to business. Unless he authorized E. R. Smiley to execute a contract on his behalf for sale of the land which he did not own, no general authority to attend to his business during his sickness could be properly said to authorize the execution of such a contract. But even general authority of the nature suggested has not been shown.

A letter written by Clarence to Mr. Styron, as his attorney, is urged as evidence of a ratification of the contract of sale. That letter is as follows:

"Pitman, N. J., 3/23/21.

My dear Mr. Styron:

I feel now that Mr. Shinn has had all and more consideration than is ordinarily accorded a person contemplating the purchase of a property, and will thank you to mail me my deed and, of course, a memorandum of any charge due you, so that I can take advantage at once of a better proposition for sale of this property before my party seeks elsewhere by reason of the length of time I have been compelled to withhold a definite answer by reason of the Shinn fiasco.

Now is our opportunity to sell and realize on what has developed into a bad investment, and I trust there will be no delay in promptly forwarding my deed, that is, by return mail. With kindest regards, I am,

Yours,

C. E. SMILEY.

U. G. STYRON, ESQ.,
 Atlantic City, N. J."

This letter clearly discloses that Clarence at the time the letter was written knew of complainant's contemplated purchase of the land. How much more he may have known is not disclosed. It does disclose, however, that he no longer desired to entertain what· he refers to as the contemplated purchase of the property by complainant. But if the essential elements of ratification of the act of E. R. Smiley in making the contract with complainant as agent of Clarence are to be found in this letter, it is yet clear that the letter is not available for complainant's use for that purpose.. The letter was merely a letter from a client to his attorney. Its contents were not directed or authorized to be communicated to complainant or to anyone else. It could neither amount to a contract with complainant nor to a sanction or ratification on behalf of complainant of any contract. It was written for the attorney's use and for no other purpose. This is the view adopted by this court in *Potter* v. *Hallister, 45 N. J. Eq. 508, 513, 514,* and affirmed on appeal in *46 N. J. Eq. 609,* and again adopted in *Stengel* v. *Sargeant, 74 N. J. Eq. 20, 26.* Nor does it seem that parol evidence is competent to

perform the office of connecting that letter with the contract here sought to be enforced. *Johnson & Miller* v. *Buck, 35 N. J. Law 338, 344; Nibert* v. *Baghurst, 47 N. J. Eq. 201, 208.*

I am obliged to advise a decree dismissing the bill.